Filed 11/4/21  P. v. Condiff CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B296181 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA051505) |
| v. | |
| NORMAN LOUIS CONDIFF, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda Lopez and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Norman Louis Condiff challenges the trial court's denial of his petition under Senate Bill No. 1437 (2017–2018 Reg. Sess.). In 2005, a jury convicted Condiff of first degree murder and other crimes. The jury made special circumstance findings about the murder: Condiff intentionally killed the victim by means of lying in wait and to further his gang. The trial court summarily denied the petition without appointing counsel.

We affirmed the order denying relief. The Supreme Court directed us to vacate that decision and to reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Under *Lewis*, the trial court should have appointed Condiff counsel. We affirm, however, because the error was harmless. As a matter of law, the lying-in-wait and gang special circumstance findings make Condiff ineligible for resentencing for his murder conviction.

Undesignated statutory citations are to the Penal Code.

I

We outline Condiff's crimes using the opinion in his direct appeal. (*People v. Condiff* (Aug. 28, 2007, B186654) [nonpub. opn.]; see *Lewis*, *supra*, 11 Cal.5th at p. 972 [appellate opinions are typically part of the record of conviction].)

The night before his preliminary hearing in a different criminal case, Condiff sought to prevent a witness from testifying. He went with a fellow Blood gang member to the witness's home. After the witness's uncle said the witness was not home, Condiff left and returned with another Blood gang member. Condiff waited in a car while his two companions shot the witness's uncle and grandmother. The uncle survived. The grandmother did not.

The following information about the jury's verdict and sentencing is from minute orders in our appellate record.

On August 5, 2005, a jury convicted Condiff of first degree murder (§ 187, subd. (a)) (count 1), willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664) (count 2), conspiracy to commit murder (§ 182, subd. (a)(1)) (count 3), dissuading a witness by force or threat (§ 136.1, subd. (c)(1)) (count 4), and conspiracy to dissuade a witness by force or threat (§ 136.1, subd. (c)(2)) (count 5).

As to count 1, the jury found Condiff committed the murder while lying in wait (§ 190.2, subd. (a)(15)) and in furtherance of his gang (*id.*, subd. (a)(22)). The minute order says the jury found Condiff "intentionally killed the victim by means of lying in wait" and "intentionally killed the victim while the defendant was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang."

The jury made other gang and firearm findings that are not pertinent to this appeal.

The trial court found Condiff had two strikes. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

The court sentenced Condiff to life imprisonment without the possibility of parole, plus 25 years to life for a firearm enhancement for count 1. It sentenced him to a consecutive term of 25 years to life plus 25 years to life for a firearm enhancement for count 2. It imposed sentences for counts 3 through 5 but ordered the sentence on count 4 to run concurrently with count 1 and stayed the sentences on counts 3 and 5 under section 654.

On direct appeal, Condiff challenged the sufficiency of the evidence of the lying-in-wait and gang special circumstance

3

findings, among other arguments. We modified the sentence and a fine, but otherwise affirmed the judgment, including the special circumstance findings. (*People v. Condiff* (Aug. 28, 2007, B186654) [nonpub. opn.].)

On January 7, 2019, Condiff filed a petition for resentencing under section 1170.95. He asserted he was entitled to relief because he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, neither of which could serve as a basis for a murder conviction under the new law. He requested counsel.

The trial court summarily denied the petition without prejudice on January 18, 2019. It found Condiff failed to show entitlement to relief as a matter of law because his murder conviction was not based on the felony-murder rule or the natural and probable consequences doctrine. Instead, the record showed the jury found Condiff aided and abetted the murder of the victim in count 1 with the intent to kill. The trial court said the jury found Condiff had the intent to kill based on its findings for the lying-in-wait special circumstance and its findings of overt acts associated with the guilty verdict for conspiracy to commit murder. The trial court additionally relied on our unpublished opinion in his direct appeal.

On May 14, 2020, we affirmed the order denying relief. On September 22, 2021, the Supreme Court directed us to vacate that decision and to reconsider the cause in light of *Lewis*.

## II

Condiff was entitled to counsel because he filed a facially sufficient petition and he requested counsel (*Lewis*, *supra*, 11 Cal.5th at p. 963), but this error was harmless.

4

We review the denial of the right to counsel during the petition process for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 973–974.) To establish prejudice, Condiff must demonstrate that with counsel, it was reasonably probable the court would not have summarily denied his petition without an evidentiary hearing. (*Id.* at p. 974.)

To find the lying-in-wait and gang special circumstances true, Condiff's jury necessarily found he acted with the intent to kill. (See § 190.2, subds. (a)(15), (a)(22); *People v. Fayed* (2020) 9 Cal.5th 147, 203 [an aider and abettor who is not the actual killer is subject to the lying-in-wait special circumstance if the defendant, with the intent to kill, aided and abetted the victim's killing, and the actual killer intentionally killed the victim by means of lying in wait]; *People v. Ruiz* (1988) 44 Cal.3d 589, 614 [proof of lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill]; *People v. Allison* (2020) 55 Cal.App.5th 449, 460 [explaining in dicta that a defendant with a § 190.2, subd. (a)(22) special circumstance is ineligible for relief].)

The jury's findings about Condiff's intent show he could not have been convicted of murder under any theory of liability Senate Bill No. 1437 affected. With or without counsel, the trial court would have summarily denied Condiff's petition without an evidentiary hearing. The error was harmless.

Condiff asserts the prosecution cited the natural and probable consequences doctrine at his trial. This is of no import given the jury's special circumstance findings, which prove the jury found he intended to kill.

Condiff says the error was prejudicial but he offers no legal reasoning to explain how he could gain relief given his special

5

circumstance findings.  If the trial court had appointed counsel, Condiff says counsel "would have made all of the appropriate arguments . . . on the potential bases for the special circumstance findings and whether they necessarily preclude relief."  He admits the jury made the special circumstance findings.  Thus the question of whether these findings preclude relief is a legal one.  This appeal is the time for Condiff to offer such a legal argument.  He has not done so and his prejudice argument fails.

Because the special circumstance findings preclude relief as a matter of law, we need not and do not address other arguments the prosecution offered for affirming the trial court's order.

Nothing in this opinion precludes Condiff from bringing a separate petition based on his attempted murder conviction.  His petition alleged he had a murder conviction and the trial court's reasoning was about his murder conviction, only.  Condiff's appellate briefs mention his attempted murder conviction but set forth no argument about section 1170.95 applying to it.  The Legislature has passed Senate Bill No. 775 (2021–2022 Reg. Sess.), which, effective January 1, 2022, amends section 1170.95 to clarify relief is available to people with attempted murder convictions.  Because Condiff made no argument about his attempted murder conviction and because it is outside the scope of this remand—to consider the case in light of *Lewis*—we do not address the attempted murder issue in this appeal.

## DISPOSITION

The order denying Condiff's petition is affirmed.

WILEY, J.

We concur:

GRIMES, Acting P. J.

STRATTON, J.